UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON C. AKEMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04748-SEB-DML |
| ) | |
| WEXFORD MEDICAL, et al. ) | |
| ) | |
| Defendants. ) | |

**Entry Screening and Dismissing Complaint, and
Directing Plaintiff to File an Amended Complaint**

Plaintiff Jason Akemon, an inmate at New Castle Correctional Facility ("NCCF"), brings this 42 U.S.C. § 1983 action alleging that the defendants violated his constitutional rights by failing to provide adequate medical treatment. Because Mr. Akemon is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Akemon are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Akemon names two defendants: Wexford Medical and GEO Group, Inc.

According to his complaint, Mr. Akemon injured his knee while playing beach volleyball at NCCF in June 2015. He sought medical care at NCCF, and between June 2015 and January 2017, he had various medical appointments where he was advised there was no severe injury and directed to treat his pain with acetaminophen, ice, and heat. In January 2017, Mr. Akemon underwent x-rays and an MRI which revealed a torn meniscus and injured cartilage. He had surgery on January 13, 2017, and received some physical therapy at NCCF afterward.

Mr. Akemon was released from prison on October 30, 2017. From October 2017 to April 2018, he participated in physical therapy twice a week and received cortisone injections and anti-inflammatory medication.

Mr. Akemon violated parole and returned to NCCF at some point. Regarding his treatment since his return, Mr. Akemon's complaint states, "Since returning to IDOC I have continued to pursue proper and adequate medical care for my left knee at Correctional Industrial Facility and subsequently at New Castle Correctional Facility. All of my requests and corresponding treatment(s) and or lack thereof are documented in my medical records." Dkt. 1 at 4. He notes he had requested that his medical records from his offsite treatment be transferred to the prison, so they should now be included in his institutional records. Mr. Akemon subsequently filed exhibits which included some medical records. Dkt. 7.

Mr. Akemon does not specify what relief he seeks.

### III. Discussion of Claims

For the following reasons, Mr. Akemon's claims are **dismissed**.

Mr. Akemon's complaint discusses the IDOC's treatment of his knee injury during two different periods: first, June 2015 to October 30, 2017, when he sustained the injury and was eventually provided surgery, and second, when he was reincarcerated at some point in 2018 to present day. Mr. Akemon signed his complaint on November 22, 2019, and it was filed on December 2, 2019. For claims brought pursuant to 42 U.S.C. § 1983, "federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). "In Indiana, such claims must be brought within two years." *Id.* (citing Ind. Code § 34-1-2-4). "The general rule is that a §1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 591 (internal quotations omitted). Thus, any claim arising out of the first timeframe is barred by the statute of limitations and **dismissed**. "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate).

This leaves the second period of time, when Mr. Akemon returned to prison after violating his parole. Mr. Akemon includes no facts in his complaint about how his medical treatment has been inadequate during this timeframe. And Mr. Akemon's 51 pages of exhibits do nothing to elucidate the nature of his complaint. To state a cognizable claim under the federal notice pleading

system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mr. Akemon's complaint lacks the factual content for the Court to draw any inference that he has suffered a constitutional injury and is therefore **dismissed** for failing to state a claim upon which relief can be granted.

Further, Mr. Akemon does not allege that either of defendants have a policy or practice of denying inmates adequate medical treatment. GEO Group is a private corporation that contracts with the Indiana Department of Correction ("IDOC") to manage the operation of NCCF. Wexford is a private corporation that contracts with the IDOC to provide medical treatment to inmates. Because Wexford and GEO Group act under color of state law by contracting to perform a government function, they are treated as a government entity for purposes of 42 U.S.C. §1983 claims. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). To prevail on an Eighth Amendment claim against Wexford or GEO Group under § 1983, Mr. Akemon must allege that his injury was the result of the defendants' policy or practice. *Id.* (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91 (1978)). He has failed to do so, and his complaint is therefore **dismissed** for failing to state a claim upon which relief can be granted.

## IV. Opportunity to Amend Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, Mr. Akemon shall have through **May 18, 2020**, in which to file an amended complaint.

An amended complaint should in essence tell the Court who did what when. In filing an amended complaint, Mr. Akemon shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry, 1:19-cv-04748-SEB-DML. The amended complaint must also have the words "Amended Complaint" on the first page. If an amended complaint is filed as directed, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above without further notice.

The **clerk is directed** to send Mr. Akemon a complaint form with his copy of this Order.

**IT IS SO ORDERED**

Date:   4/20/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON C. AKEMON
197469
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362